IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLOTTE GREGORY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. ___5:16-cv-427___ |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this case to the United States District Court for the Western District of Texas, San Antonio Division, states:

**1.      State Court Action.**  Plaintiff Charlotte Gregory ("Gregory") filed this action in the 408th District Court of Bexar County, Texas, Cause No. 2016-CI-05933, on April 6, 2016.  Gregory asserts claims against Standard for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and bad faith based on the denial of benefits under a group long-term disability ("LTD") insurance policy ("Policy") issued by Standard.

**2.      Diversity of Citizenship.**  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Specifically, Gregory was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal. [Petition, p. 1.]  Standard is an Oregon corporation with its principal office and place of business in Portland, Oregon.  [*See* Declaration of Standard

("Declaration") attached hereto as <u>Exhibit A</u>, ¶ 2.] Accordingly, Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal.  Accordingly, complete diversity of citizenship exists between Gregory, on the one hand, and Standard, on the other hand.

3.     **Amount in Controversy.**  The amount in controversy is also met.  Based on the face of Plaintiff's Petition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, Plaintiff seeks to recover "monetary relief over $200,000 but not more than $1,000,000."  [Petition, p. 1.] Plaintiff also seeks LTD benefits under the Policy, "treble damages," and "all punitive, additional, exemplary damages as may be found," as well as her attorneys' fees and costs.   [Petition, pp. 20-22.]  Thus, the amount in controversy would be satisfied even if Plaintiff did not plead the statutory requisite.  *See Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meets the $75,000,00 jurisdictional threshold), *vacated on other grounds,* 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 34 F.3d 1250; *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in controversy); *Cross v Bell Helmets, U*SA, 927 F. Supp. 209, 212-213 (E.D. Tex. 1996).

4.     **Removal is Proper.**  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on April 14, 2016, which was the

first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5.      **State Court Documents Attached.**  Pursuant to the Federal Rules of Civil Procedure, a certified copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as Exhibit B.  These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard.  A list of the parties and counsel is also attached as Exhibit C.  Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated:  May 9, 2016.                    Respectfully submitted,


                                        By:  s/ Ryan K. McComber
                                             Ryan K. McComber
                                             State Bar No. 24041428
                                             ryan.mccomber@figdav.com
                                             Kristina A. Kiik
                                             State Bar No. 24074532
                                             kristina.kiik@figdav.com

                                        **FIGARI + DAVENPORT, LLP**
                                        901 Main Street, Suite 3400
                                        Dallas, Texas  75202
                                        Telephone: (214) 939-2000
                                        Facsimile: (214) 939-2090

                                        ATTORNEYS FOR DEFENDANT
                                        STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested on this 9th day of May, 2016.


                                         s/ Ryan K. McComber
                                        Ryan K. McComber